**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAMON ALEJANDRO ROQUE REY,

      Petitioner,

v.
                                      Case No. 3:26-cv-622-WWB-PDB

UNITED STATES ATTORNEY
GENERAL, et al.,

      Respondents.

_____

**ORDER**

Petitioner, a native and citizen of Cuba, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on March 16, 2026. (Doc. 1). He is proceeding on an Amended Petition. (Doc. 4). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County Detention Center. (*Id.* at 2). According to Petitioner, ICE detained him on September 10, 2025, and his removal order became final on October 6, 2025. (*Id.* at 4). He contends he remains in ICE custody with no reasonably foreseeable removal date, and he asserts that his prolonged detention violates his due process rights seemingly under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See generally id.*). As relief, Petitioner request that the Court order his immediate release. (*Id.* at 7).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. *Id.* at 701. The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting

deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Here, ICE detained Petitioner on September 10, 2025, and his order of removal became final on October 6, 2025. (Doc. 1 at 4). At the time Petitioner filed his Petition on March 16, 2026, he had been in post-removal order detention for 161 days (excluding the date on which the Petition was filed). Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 15, 2026.

2

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Ramon Alejandro Roque Rey, A200957799

3